JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.G., a minor, by and through her Guardian ad Litem, MARTA OSORIO; and MARTA OSORIO,<br><br>Plaintiffs,<br><br>v.<br><br>CHA HOLLYWOOD MEDICAL CENTER, L.P. dba HOLLYWOOD PRESBYTERIAN MEDICAL CENTER; STEPHEN N. PINE, M.D.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-8658-SPG-KS<br><br>**ORDER GRANTING NON-PARTY UNITED STATES' AND PLAINTIFFS' MOTIONS TO REMAND [ECF NOS. 19, 33]** |

Before the Court is Non-Party United States' Motion to Remand (ECF No. 19) and Plaintiffs V.G., a minor, by and through her Guardian ad Litem, Marta Osorio and Marta Osorio's ("Plaintiffs") Motion to Remand (ECF No. 33). Defendant Saban Community Clinic ("Defendant") opposes both motions. (ECF No. 35). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds pursuant to Fed. R. Civ. P. 78(b) and C. D. Cal. L. R. 7-15 that the matter is suitable for resolution without oral argument. For the reasons stated below, the Court GRANTS the Motions and Remands this action to Los Angeles County Superior Court for all further proceedings.

## I. BACKGROUND

On April 23, 2021, Plaintiffs filed suit in the Los Angeles County Superior Court alleging obstetrical negligence by Dr. Stephen Pine during Ms. Osario's labor and delivery of V.G., a minor. (ECF No. 5-1 at 12). On November 18, 2022, by amendment to the complaint, Plaintiffs added Saban Community Clinic as a defendant. (ECF No. 5-1 at 55). Defendant answered the amended complaint on December 13, 2022 (ECF No. 5-2 at 13), and on December 14, 2022, Defendant petitioned for coverage under the Federal Tort Claims Act ("FTCA"). (ECF No. 5-2 at 122).

On April 10, 2023, the Attorney General's delegate, acting pursuant to 28 C.F.R. § 15.4(b), informed Defendant that the United States would not issue a certification or remove the action. (ECF No. 4-6 at 2). On April 18, 2023, the United States filed a supplemental notice, pursuant to 42 U.S.C. § 233(*l*)(1), notifying the Superior Court for the County of Los Angeles of this decision. (ECF No. 5-3 at 197).

On October 13, 2023, Defendant removed the action to this Court. (ECF No. 1). On October 27, 2023, Non-Party United States filed its Motion to Remand. (ECF No. 19). On November 21, 2023, Plaintiff filed their Motion to Remand. (ECF No. 33). Defendant timely opposed. (ECF No. 35).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or due to diversity of citizenship under 28 U.S.C. § 1332. Generally, "[a] cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). This "well-pleaded complaint rule is the basic principle marking the boundaries of the federal question jurisdiction" in

district courts. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal citation omitted). Additionally, federal courts strictly construe the removal statute against removal jurisdiction and resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Defendant removed this action pursuant to § 233(*l*)(2) as well as under the general federal officer removal statute, 28 U.S.C. § 1442. The Court takes these in turn.

### A. Removal under 42 U.S.C. § 233

The United States "is immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define the Court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act ("FTCA") represents a limited waiver of federal sovereign immunity and allows the United States to be held liable for the torts of its employees. *See United States v. Nordic Vill.*, 503 U.S. 30, 33-34 (1992). Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), FTCA coverage may be granted to certain federally qualified health centers and their employees. 42 U.S.C. § 233(a), (b). If covered by the FTCA, the qualified health center is immune from suit and the United States will remove the state court action and substitute itself as the defendant. 42 U.S.C. § 233(a), (c). Whether FTCA coverage applies "depend[s] upon the determination or certification (as appropriate) by the Attorney General that the individual or entity is covered by [the FSHCAA] and was acting within the scope of employment, in accordance with normal Department of Justice procedures." Final Rule, FSHCAA, 60 Fed. Reg. 22, 530, 22, 531 (May 8, 1995).

Qualified defendants can remove a suit under the FSHCAA in two ways. First, the Attorney General or his designee may at "any time before trial" certify that the defendants are entitled to FTCA coverage or appear within 15 days of notification of the filing of the

case in state court and advise the court whether the Secretary has determined that the defendants are entitled to coverage. 42 U.S.C. § 233(*c*), (*l*)(1). Second, if the Attorney General or his designee "fails to appear in State court within [this 15-day] time period," the defendants may remove the case for "a hearing, and . . . a determination, as to the appropriate forum or procedure for the assertion of the claim for damages." 42 U.S.C. § 233(*l*)(2).

Here, neither provision provides a basis for removal. Section 233(*l*)(1) does not provide a basis for removal because the Attorney General's designee filed a notice in state court informing the court that Defendants were not entitled to FTCA coverage. *See* (ECF No. 4-6); (ECF No. 5-3 at 197). Section 233(*l*)(2) does not provide a basis for removal because the Attorney General's designee did not fail to appear in State court.

Nevertheless, Defendant argues that the "unequivocal thrust and purpose of 42 U.S.C. § 233(*l*)—as an officer removal statute enacted for the benefit of deemed defendants—is to effectuate removal and facilitate federal judicial review including of the Attorney General's hardly infallible decisions." (ECF No. 35 at 16). Defendant cites no in circuit authorities for this argument. By the Court's reading, the plain text of 233(*l*) allows the district court only to conduct a hearing to determine "the appropriate forum or procedure for assertion of the claim." As other Courts in this district have noted, "[r]eview of a negative coverage decision plainly exceeds this scope." *Q v. California Hospital Medical Center*, 2018 WL 1136568, at *2 (C.D. Cal., Mar. 1, 2018); *see also*, *Pediatric & Family Medical Foundation v. United States Department of Health and Human Servs.*, 2017 WL 8220596, at *8 (C.D. Cal., July 6, 2017).[1] Thus, Defendant cannot remove under section 233 to challenge the negative coverage decision.

---

[1] It is worth noting that the D.C. Circuit has held that "the legislative history indicates [that a section 233(*l*)(2) hearing] was intended to protect a covered defendant against a default judgment due to the Attorney General's untimeliness, rather than a negative coverage determination." *El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005).

**B.      Removal under 28 U.S.C. § 1442(a)(1)**

Defendant also argues that it is permitted to "remove pursuant to § 1442 even when § 233(*l*)(2) also permits removal." (ECF No. 35 at 22). Plaintiff and Non-party United States contest removal under the general federal officer removal statute because it "would render superfluous and nullify Congress's carefully crafted removal provision in FSHCAA." (ECF No. 19-1 at 14). The Court here agrees with Plaintiff and non-Party United States.

Section 1442 authorizes removal of "any officer (or any person acting under that officer) of the United States…for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). However, the Supreme Court has made clear that "[a] specific [statutory] provision controls one of more general application." *Gozlon-Peretz v. United States*, 498 U.S. 395 (1991) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). This is the case here. The FSHCAA provides specific removal provisions which, when applicable, supersede the general federal officer removal statute. In other words, if § 233 applies to an action, then removal under § 1442 is improper. *See, e.g., K.C. v. Cal. Hosp. Med. Ctr.*, No. 18-cv-6619, 2018 WL 5906057, at *6 (C.D. Cal. Nov. 8, 2018) ("Application of § 1442, instead of § 233, in a case where a defendant is a deemed PHS employee would swallow the § 233 removal provision, rendering it superfluous.").

However, even if the Court applied § 1442(a)(1), removal is still improper for untimeliness. Defendant removed this action roughly ten months after it answered the complaint in state court and over six months after the United States notified the state court that the Attorney General would neither certify nor remove. Under 28 U.S.C. § 1446(b)(1), Congress requires a defendant to file a notice of removal with thirty days after receipt of the initial pleading. Because Defendant waited roughly ten months to remove this action, removal is untimely under § 1442.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Non-party United States' and Plaintiffs' motions for remand. The Court remands this action to Los Angeles County Superior Court for all further proceedings.

**IT IS SO ORDERED.**

DATED: January 23, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE